### DUNLAP, MONCURE & Co. v. ALEXANDER BRETTE et. al.

*Plaintiff charged an indebtedness on the part of defendant for advances, as would appear by vouchers, from No. 1 to 12, that would be produced on the trial. On the trial, a contract was offered in evidence, to the admission of which a bill of exceptions was taken. Held—the evidence was properly admitted. The defendant might have craved oyer of the vouchers, of which the contract was one—and having filed his answer without doing so, the presumption is, he knew what they were.*

APPEAL from the District Court, Parish of St. Mary, *Voorhies,* J. *Maskell & McGill,* for plaintiff. *Brette & Fricker* and *Gibbon,* for defendants and appellants.

ROST, J. The plaintiffs allege that they advanced to the defendant, *Brette,* at sundry times, $48,649, to be invested in the purchase of sugar for his own account, which sugar was to be consigned to them at Richmond, Virginia, to be sold, and the proceeds thereof applied to the reimbursement of the amount thus advanced, together with interest and commissions. They further allege that the defendant *Fay* became the surety of *Brette* for the reimbursement of those advances. They claim from both defendants the balance due them, arising from losses on the sugar bought by *Brette.*

*Brette* urges as his principal defence, that he acted as agent of the plaintiffs in the purchase of the sugar, and that he has rendered to them a full and correct account of his agency. He denies the indebtedness alleged, and has also filed a claim in reconvention, which the opinion we have formed renders it unnecessary to notice. The defendant *Fay* adopts the defence of *Brette,* and denies being indebted to the plaintiffs as a surety, or in any other manner.

There was judgment against both defendants for a portion of the sum claimed, and against *Brette* alone for another portion. The defendants have appealed, and the plaintiffs' counsel asks that the judgment be amended, by allowing them commissions as if they had sold the sugar, and that *Fay* be condemned to pay them the whole amount due them by *Brette.*

On the trial of the cause, the defendants' counsel objected to the admission in evidence of a writtten contract for the loan of $6000 by *Henry W. Moncure,* in the name of the plaintiffs, to *Brette,* with the security of *Fay,* on the ground that said contract was not set forth and described in the petition, and was different from the contract therein set forth ; but the Judge admitted the evidence, and the defendants' counsel took a bill of exceptions.

We are of opinion that the District Judge did not err. It is alleged in the petition that the plaintiffs advanced to *Brette* the sum of $48,649, as per vouchers, from No. 1 to 12—which will be produced on the trial. The defendant might have craved oyer of those vouchers before filing his answer, and as he did not do so, the presumption is that he knew what they were. The contract objected to being one of them, could not have operated a surprise to him, under our liberal system of pleading. We think the evidence was properly admitted.

DUNLAP, MONCURE
& CO.,
*v.*
BRETTE.

In justice to the defendants, as well as to the parties who made the loan, we must believe that this sum of $6000 was, as the other advances made, to be employed in the purchase of sugar, or at least in making advances to planters who agreed to ship their crops to the house of the plaintiffs; otherwise the stipulation in the contract that the amount loaned should be refunded to the plaintiffs out of the proceeds of the sugar shipped to them by the planters, at the instigation of *Brette*, would have contemplated a fraud which no Court of justice could sanction.

We think with the Distrct Judge, that the capacity with which *Brette* acted in these transactions, is free from difficulty, and that there is no pretence for saying that he was the agent of the plaintiffs. The letters, upon detached portions of which counsel rely in support of that position, prove the reverse; and the facts that his father-in-law became his surety for the advances made, and that *Brette* himself had a settlement with the plaintiffs, as their debtors, by which the amount of the original debt was reduced to the sum claimed, are conclusive against him.

On the merits, we are satisfied that there is no error in the judgment to the prejudice of the defendants.

*Brette* claims the proceeds of the shipment of the thirty-three hogsheads of sugar, purchased by him from *Amelin* and shipped to the plaintiffs. The sum credited to him in the settlement of November, 1847, at the date of the 12th of April, 1847, is the net proceeds of that shipment, upon which it appears a profit was made. The expression in that settlement that the sum of $36,181 21 was the net proceeds of all the said sugar and molasses sold by *Brette*, except thirty-three hogsheads, means that out of all the sugar purchased by *Brette*, which was to have been consigned to them, they only sold thirty-three hogsheads, and that the remainder was sold by *Brette*.

It is in evidence that the plaintiffs advanced $6000 to *Brette*, for the use of one *Crawford*, $3,720 of which was for sugar purchased of *Crawford* by *Brette*; *Brette* refunded to them the balance of $2,220, and now claims the proceeds of a shipment which *Crawford* made to the plaintiffs the year after, to pay that balance. This sum of $2,220 is not charged to *Brette* in the settlement made between the parties; the plaintiffs only charged $3,780, the cost of the sugar purchased and sold by *Brette*. The subsequent shipment made by *Crawford* was a matter between him and the plaintiffs, in which *Brette* has no interest.

On the 11th of March, 1847, the defendant *Fay* entered into the following agreement with the plaintiffs:

"In consideration of the facilities furnished to *Alexander Brette*, my son-in-law, by Messrs. *Dunlap, Moncure & Co.*, of Richmond, Virginia, to meet the said *Brette's* purchases of sugar this season, the advance being for the full cost of the sugar and molasses, which is to be consigned to said firm at Richmond, for account and interest of my said son-in-law, I hereby oblige myself to be responsible to *Dunlap, Moncure & Co.* for any deficiency which by possibility may arise in the net proceeds of the sales."

The District Judge was of opinion that this agreement only extended to the faithful accounting by *Brette* of the net proceeds of the sugar, and that *Fay* was not liable to the plaintiffs for the amount of advances unpaid. This is clearly an error; it could not be in the contemplation of the parties at the time the contract was made, that *Brette* should account for the proceeds of the sales of the sugar, because the sugar was to be shipped to the plaintiffs who

were to sell it, and themselves account for the proceeds to *Brette*. The plain intent of the obligation is that, as the plaintiffs advanced to *Brette* the entire price of the sugar bought, and left themselves no margin in case of loss, *Fay* would secure them against the unusual risk thus incurred by them; and make good their advances in case of loss by the shipments. The plaintiffs are entitled to have the judgment amended in that respect. We do not think that they have against the defendants any claim beyond those asserted by them in the settlement of November, 1847.

It is, therefore, ordered that the judgment be amended, and that the plaintiffs recover of the defendant *Fay*, as security of *Brett*, the sum of $3,649 97, with legal interest from the 4th of January, 1850, until paid; and that the judgment as amended be affirmed, with costs.

<div align="right">Dunlap, Moncure<br>& Co.<br>*v.*<br>Brette.</div>

## AMENDED DECREE.

Rost, J. The Court having fallen into an error of fact in this case, and it appearing from the record, that on the 2d of February, 1848, the plaintiffs received of *Henderson Crawford*, on account of the defendant, *Brette*, the sum of $2,220 capital and $244 interest, they should have been made to account for those sums. These amounts imputed to the note of $6000, which is the most onerous debt of the defendants, will over-pay it by $51 08. This balance must be deducted from the amount due the plaintiffs on the open account.

The judgment heretofore rendered in this case is, therefore, changed so as to read as follows:

It is ordered that the plaintiffs have judgment against and recover from the defendants, *Alexander Brette* and *Theodore Fay*, *in solido*, the sum of $3,589 97, with legal interest from the 4th of January, 1850, until paid, and costs in both Courts.